

June 23, 2011

Hon. Judge Sidney A. Fitzwater
Chief Judge
c/o Karen Mitchel, Chief Clerk
United States District Court
Northern District of Texas
1100 Commerce St, Rm 1452
Dallas, TX 75242

Subject:   **SEC vs. Striker Petroleum, et.al.**
           **Case No. 3:09-cv-02304-D**

Honorable Judge Fitzwater:

I am writing this letter to advise this court of an issue I have with the subject proceeding.
**Debentures**

On or about [June 3, 2011], I received a letter from the custodian of my retirement account
stating [or learned that] that they had received a letter from the Receiver simply stating that the
Receiver deemed our Debentures worthless.

Since the Receiver took over in December 2009, the only communication I received was a claim
form. I responded with my form. The receiver is now referring investors to his website which
takes the position that the assets (collateral for our investment) is worthless due to *fraud*.

I see that the website contains a motion submitted by the Receiver that attempts to wash his
hands of the Debenture issue while ignoring what happens to the Debenture collateral. Each
Debenture Offering was secured by certain assets. Those assets belong to the Debenture owners
and should be assigned over to the owners. The Receiver attempts to wash his hands and leave
the investors to sort out what's left. That may be expeditious for the Receiver but does not serve
the purpose of handling the estate.

The Debenture Holders are not represented by counsel and the Receiver has done little to
communicate the status of their collateral other than to assume it is worthless so that he can walk
away. With energy prices where they are today, leases on productive acreage has to be worth
something. Just because it's difficult to decipher ownership does not mean the Receive can
simply walk away.

Furthermore, **no evidentiary hearings were held**. The Receiver simply stated fraud as fact,
based on the sketchy SEC complaint. But the fundamental questions are:
> ➤ If we have Deeds of Trust and a third party valuation from Forrest A. Garb & Associates
>   showing the value of the underlying collateral being twice (2X) or investment amount,
>   how can they be worthless?
> ➤ Why weren't these assets assigned to the Debenture owners directly so that we may
>   enjoy the benefits of our assets?
> ➤ Why weren't they at least sold and the proceeds distributed?

None of this is explained. Are we (and the court) supposed to take the Receiver's word for it.

Hon. Judge Sidney A. Fitzwater
SEC vs. Stride Rendleman et al
Case No. 3:09-cv-02304-D
Page 2 of 2

Case 3:09-cv-02304-D Document 65   Filed 06/24/11   Page 2 of 3   PageID 3141

The Receiver simply told the court that they were worthless and no one opposed it. But the Receiver never notified us ahead of time. What happens to the collateral that secures the Debentures?  Who owns them?

I am asking the court to re-consider the disposition of the Debenture assets and order the Receiver to either:

1. Sell that collateral and distribute the proceeds to the owners or
2. Abandon/Assign the Deeds of Trust over to the appropriate Debenture Owner so that we may receive the benefits of the collateral that secures our investment.

Your time to re-consider this request will be greatly appreciated.

Sincerely,

James and Deborah Vineyard
A Series Debenture Owner

Enclosures

Original & 2 copies

Please return one copy with the file mark when received



James and Deborah Vineyard
1242 Enloc Rd
Howe, TX 75459

UNITED STATES
DALLAS TX 750
22 JUN 2011 PM 11 L

RECEIVED

JUN 2 4 2011

Hon. Judge Sidney A. Fitzwater
Chief Judge
c/o Karen Mitchel, Chief Clerk
United States District Court
Northern District of Texas
1100 Commerce St, Rm 1452
Dallas, TX 75242

75242$1310 C001